UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA


| | | |
|---|---|---|
| **AVP METRO PETROLEUM, LLC** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 14-CV-0616-CVE-PJC |
| | ) | |
| **MORAD SEPAHVAND d/b/a** | ) | |
| **MOE'S MART,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |


## OPINION AND ORDER

Now before the Court is plaintiff's motion for summary judgment and brief in support (Dkt. ## 38, 39). Plaintiff seeks summary judgment on plaintiff's claim that defendant breached a fuel marketing agreement and defaulted on the accompanying note, arguing that the undisputed facts show that defendant breached the agreement by failing to provide timely payment to plaintiff. Dkt. # 39, at 11-12. Plaintiff also seeks summary judgment on defendant's counterclaim, arguing that the undisputed facts show that plaintiff did not violate the Petroleum Marketing Practices Act (PMPA), 15 U.S.C. §§ 2801 et seq., which defendant asserts governs the contractual relationship between the parties, because plaintiff gave defendant proper written notice of reasons for termination of the agreement. Id. at 14-15. Defendant responds that several disputed factual issues exist regarding the alleged failure to pay for goods provided under the contract, and that plaintiff's assertion that no genuine issues of material facts exist is based on the incorrect allegation that defendant failed to comply with discovery deadlines, thereby admitting all allegations in plaintiff's requests for admission. Dkt. # 40, at 5-6. Defendant

further asserts that disputed facts also exist regarding plaintiff's compliance with the termination provisions of the PMPA and asks the Court to deny plaintiff's motion. Id. at 8.

**I.**

This collection action stems from an agreement between plaintiff, a petroleum distributor, and defendant, an owner and operator of a gas station and convenience store, under which plaintiff agreed to provide defendant with petroleum for his gas station. See Dkt. # 3-2, at 4. The parties executed a motor fuel marketing agreement on February 7, 2007 and a promissory note on January 16, 2013. Id. at 4, 14. Pursuant to the terms of the motor fuel marketing agreement, plaintiff periodically provided defendant with petroleum for his gas station and defendant compensated plaintiff for the petroleum delivered. Id. at 4. Plaintiff alleges that, on March 14, 2014, defendant authorized plaintiff to submit an ACH draw or draft for a $10,000 payment and on March 15, 2014, defendant authorized plaintiff to submit an ACH draw or draft for a $5,443 payment. Dkt. # 39, at 5. Both payments were returned by the drawee bank because defendant's account had been closed. Id. Plaintiff asserts that it subsequently submitted a notice of termination of the agreement to defendant and made demand for the accelerated amount due under the note, which totaled $53,400.17. Id. at 5-6. Plaintiff asserts that defendant failed to remit any further payment to plaintiff. Id. at 7.

Plaintiff subsequently filed suit in Tulsa County District Court, asserting a claim of breach of contract against defendant. Dkt. # 3-2. Defendant asserted a counterclaim that defendant violated the PMPA by failing to comply with the provisions of the PMPA regarding termination of agreement. Dkt. # 3-4. Defendant then removed the case to this Court. Dkt. #

3. Plaintiff now moves for summary judgment, arguing that the undisputed facts show that plaintiff is entitled to judgment as a matter of law.

## II.

Before the Court considers the merits of plaintiff's motion, it must first address the issue of subject matter jurisdiction. The Court will consider the issue of subject matter jurisdiction sua sponte because the Court has a duty to consider the issue whenever it appears that subject matter jurisdiction may be lacking. Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. P'ship-1985A v. Union Gas Sys., Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006)).

Federal courts have subject matter jurisdiction to hear "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. In deciding whether a case arises under federal law, the court must follow the well-pleaded complaint rule, "under which a suit arises under federal law 'only when the plaintiff's statement of his own cause of action shows that it is based' on federal law." Schmeling v. NORDAM, 97 F.3d 1336, 1339 (10th Cir. 1996) (quoting Louisville & Nashville R.R. v. Mottley, 211 U.S. 149, 152 (1908)). Federal courts do not have subject matter jurisdiction when a federal law issue arises only as a defense to plaintiff's claims. Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 10-11 (1983). A counterclaim arising under federal law also does not provide a basis for removal of a case in which the plaintiff has alleged only state law claims. Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 326-27 (5th Cir. 1998). The well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Removal statutes are construed narrowly and the defendant seeking to remove the case to federal court bears the burden to prove the existence of federal subject matter jurisdiction. Pritchett v. Office Depot, Inc., 420 F.3d 1090, 1094-95 (10th Cir. 2005); Montoya, 296 F.3d at 955.

The court has reviewed the petition and the notice of removal, and there is no basis for this

Court to exercise federal question jurisdiction over this case.[1]  Although plaintiff's complaint does not explicitly identify the PMPA, defendant's notice of removal asserts that plaintiff's claim arises under the PMPA because the PMPA governs the parties' contractual agreement.  Dkt. # 3.  The primary purpose of the PMPA is "to protect franchisees against arbitrary and discriminatory terminations or nonrenewals" of motor fuel franchise agreements.  Ewing v. Amoco Oil Co., 823 F.3d 1432, 1438 (10th Cir. 1987).  And the enforcement provision of the PMPA allows only a franchisee to assert a claim under this Act.  See 15 U.S.C. § 2805 ("If a franchisor fails to comply with the requirements of section 2802, 2803, or 2807 of this title, the franchisee may maintain a civil action against such franchisor.").  Here, plaintiff is the franchisor and defendant is the franchisee.  Plaintiff's claim is merely a collection action, and, although the PMPA provides defendant with certain rights regarding the motor fuel marketing agreement, it does not govern plaintiff's attempt to collect the unpaid amount defendant owes under the terms of the

---

[1] The Court also notes that the petition and notice of removal provide no basis for diversity jurisdiction.  Diversity jurisdiction requires parties that are completely diverse and an amount in controversy in excess of $75,000.  28 U.S.C. § 1332.  Plaintiff recites that it is a limited liability company duly authorized to transact business within the state of Oklahoma with headquarters in Tulsa, Oklahoma and defendant is an individual residing in Tulsa, Oklahoma.  Dkt. # 3-2.  Without further information, the Court cannot find that the parties are completely diverse.  And the amount in controversy falls below the requisite amount because plaintiff seeks only $53,400.17, plus interest and costs.  Dkt. # 39-1, at 4.  In considering whether an amount in controversy satisfies the requisite amount, "possible interest or costs that might be allowed in connection with the federal action should not be considered."  Farmers Ins. Co., Inc. v. McClain, 603 F.2d 821, 823 (10th Cir. 1979).  Although plaintiff also seeks attorney fees, this request does not figure into the amount in controversy because the statutory authority for such an award treats attorney fees as costs.  See Dkt. # 39, at 13; see also OKLA. STAT. tit. 12, § 936 (allowing recovery of "a reasonable attorney fee . . . to be taxed and collected as costs" to prevailing party in action regarding a contract for the purchase or sale of goods).

agreement and accompanying note. Plaintiff's claim thus does not arise under the PMPA. Defendant's counterclaim that plaintiff did not comply with the PMPA provisions regarding notice of termination is based on federal law, but, under the well-pleaded complaint rule, this does not give rise to federal question jurisdiction over a case in which the plaintiff has alleged state law claims only. The Court finds that this case should be remanded to Tulsa County District Court for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that the Court lacks jurisdiction over this case, and the Court Clerk is directed to **remand** the case to Tulsa County District Court.

**IT IS FURTHER ORDERED** that plaintiff's motion for summary judgment and brief in support (Dkt. ## 38, 39) **remains pending**.

**DATED** this 9th day of February, 2016.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE